IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERMAIN DARNELL DAVIS, JR.,** | : | CIVIL ACTION NO. 1:23-CV-730 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN THOMPSON,** | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Germain Darnell Davis, Jr., who is presently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), challenges his 2017 conviction for armed bank robbery in the United States District Court for the Northern District of Ohio. We will dismiss the petition for lack of jurisdiction.

**I.      Factual Background & Procedural History**

Davis pleaded guilty in 2017 and was sentenced to 121 months of imprisonment. United States v. Davis, No. 1:17-CR-13 (N.D. Ohio. June 23, 2017). He appealed to the United States Court of Appeals for the Sixth Circuit. United States v. Davis, No. 17-3644, Doc. 1 (6th Cir. June 19, 2017). The Sixth Circuit dismissed the appeal on July 17, 2018. United States v. Davis, No. 17-3644, Doc. 43-1 (6th Cir. July 17, 2018). Davis has not challenged his conviction through a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 at 3).

Davis filed the instant petition on May 3, 2023. (Doc. 1). He asserts that his conviction violates the Double Jeopardy Clause of the Fifth Amendment because he was previously convicted and sentenced for armed bank robbery in 2014. (Id. at 6).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Our court of appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Id. at 120; 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a §

2

2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

We find that we lack jurisdiction to consider Davis's petition because he has not shown that Section 2255 is inadequate or ineffective to adjudicate his claim. The only argument Davis advances as to why he may raise his claim is that "a 2241 motion is the proper vehicle to raise a double jeopardy claim." (Doc. 1 at 4). Our court of appeals, however, has concluded on numerous occasions that double jeopardy claims are properly asserted in Section 2255 motions. See, e.g., Johnson v. Warden Fairton FCI, 616 F. App'x 42, 44 (3d Cir. 2015) (nonprecedential); Volcy v. United States, 469 F. App'x 82, 83 (3d Cir. 2012) (nonprecedential); Rivera v. Scism, 438 F. App'x 154, 156 (3d Cir. 2011) (nonprecedential); Johnson v. Holt, 331 F. App'x 906, 907 (3d Cir. 2009) (nonprecedential); Kirksey v. Samuels, 235 F. App'x 949, 951 (3d Cir. 2007) (nonprecedential).[1] Davis has not provided any basis to reach a

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

different conclusion in this case. Hence, we will dismiss the case for lack of jurisdiction.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 23, 2023